BUDD LARNER, P.C.
Michael M. Rosenbaum
A . Michael Covino
150 John F. Kennedy Parkway
Short Hills, New Jersey 07078
Telephone: (973) 379-4800
Facsimile:  (973) 379-7734
Attorneys for Plaintiff

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MICHAEL MILLMAN, On Behalf of Himself and All Others Similarly Situated, | : : : : | CIVIL ACTION NO. CLASS ACTION COMPLAINT |
| Plaintiff, | : : | |
| vs. | : : | |
| SUBARU OF AMERICA, INC., | : : | |
| Defendant. | : | JURY TRIAL DEMANDED |

Plaintiff Michael Millman ("Plaintiff") brings this action against Defendant Subaru of

America, Inc. ("Subaru") on behalf of himself and all others similarly situated, and alleges upon

information and belief, except as to his own actions, the investigation of his counsel, and the facts

that are a matter of public record, as follows:

### THE PARTIES

1.    Plaintiff Michael Millman is a citizen of the State of New Jersey residing in Short

Hills, New Jersey.  Plaintiff owns a 2002 Subaru Impreza WRX automobile.  After Plaintiff began

experiencing a strong odor of fuel in the passenger compartment of his vehicle, he sought to have

his car repaired. His car was repaired, consistent with a service bulletin issued by Subaru intended to correct the gasoline odor caused by a defect in both the design and manufacture of the vehicle. Plaintiff paid approximately $1,300.00 for the repair. Despite Plaintiff's request, Subaru refused to cover the cost of repair.

2.      Defendant Subaru is a New Jersey corporation with its principal place of business located in Cherry Hill, New Jersey. Subaru is the manufacturer and designer of plaintiff's Impreza as well as the vehicles of all of the Class members.

## SUMMARY OF ACTION

3.      Plaintiff brings this action to obtain damages for monies paid to remedy the fuel odor in the passenger compartment as well as a judgment requiring Subaru to repair at its own cost all vehicles that have not yet been repaired, and other relief individually and on behalf of the proposed class defined below ("Class").

4.      As alleged below, Defendant negligently designed and manufactured the fuel system in its 2002-07 vehicles ("Vehicles"). Because of this, sometimes an overwhelming odor of fuel pervades the passenger cabin. While Subaru has issued a service bulletin concerning this problem, it has failed to recall these Vehicles and refused to cover the cost of repairing Vehicles that are beyond the warranty period.

5.      Despite Defendant's awareness of the design and manufacturing defect inherent in the Vehicles, Defendant never warned its customers and other consumers of this defect and continued to advertise and sell the Vehicles.

6.      As a result of Defendant's conduct, Plaintiff and the Class have purchased tens of thousands of the Vehicles and have suffered (and continue to suffer) damages, as the fuel stench

-2-

pervades the passenger cabin and poses a potential risk to passenger health. Moreover, Subaru has refused to repair the defect at its own cost.

7.      Plaintiff asserts claims individually and/or collectively on behalf of himself and the Class.

8.      Plaintiff seeks a judgment requiring the repair of the defective fuel system and awarding damages, costs and expenses of litigation, including attorneys' fees, and all additional and further relief that may be available and that the Court may deem appropriate and just under all of the circumstances.

## JURISDICTION AND VENUE

9.      This action is brought to remedy Defendant's violation of state laws regarding the design and manufacture of the fuel system in the Vehicles.

10.     This Court has subject matter jurisdiction pursuant to § 1332(d)(2) because the matter in controversy, upon information and belief, exceeds $5,000,000, exclusive of interests and costs, and this matter is a class action in which certain class members are citizens of states other than those of Defendant.

11.     Venue is proper in this Court pursuant to 28 U.S.C., § 1391, because both Plaintiff and Defendant reside in this district, and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in and/or were directed from this district.

## CLASS ACTION ALLEGATIONS

12.     Plaintiff brings this action as a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3), on behalf of himself and the following Class:

- 3 -

**Class**: All persons or entities who own(ed) or lease(ed) the Vehicles and who suffer from, or may suffer from, the design and/or manufacturing defect resulting in the odor of gasoline in the passenger compartment. This includes all persons or entities whose Vehicles either have been repaired at the cost of said person or entity or whose Vehicles have not yet been repaired.

Excluded from the Class are Defendant, as well as Defendant's affiliates, employees, officers and directors, including franchised dealers, any person who has experienced physical injury as a result of the defects at issue in this litigation and the Judge to whom this case is assigned. Plaintiff reserves the right to amend this Class definition if discovery and further investigation reveals that the Class should be expanded or otherwise modified.

13. The members of the Class are so numerous that joinder of all members would be impracticable. Plaintiff reasonably estimates that there are tens of thousands of purchasers of the Vehicles with the defective fuel system. The members of the Class are readily identifiable from information and records in Defendant's possession, custody or control. The disposition of these claims will provide substantial benefits to the Class.

14. There are questions of law and fact common to the members of the Class that predominate over any questions affecting only individual Class members, including, but not limited to, the following:

a) whether the fuel system is defective;

b) whether the fuel system was negligently manufactured;

c) whether the fuel system was negligently designed;

d) whether Subaru is responsible for the repair of the fuel system.

- 4 -

15.     Plaintiff's claims are typical of the claims of the members of the Class in that Plaintiff owns an Impreza, has experienced the fuel odor problem and paid for its repair. Plaintiff has no interest antagonistic to those of the Class and is not subject to any unique defenses.

16.     Plaintiff will fairly and adequately protect the interests of all members of the Class and has retained attorneys experienced in class actions and complex litigation.

17.     A class action is superior to other available methods for the fair and efficient adjudication of this controversy for, *inter alia*, the following reasons:

        a)      it is economically impractical for members of the Class to prosecute individual actions;

        b)      the Class is readily definable;

        c)      prosecution as a class action will eliminate the possibility of repetitious litigation; and

        d)      a class action will enable claims to be handled in an orderly and expeditious manner. A class action will save time and expense and will ensure uniformity of decisions.

18.     Plaintiff does not anticipate any difficulty in the management of this litigation.

19.     Defendant has, or has access to, address information for the Class members, which may be used for the purpose of providing notice of the pendency of this action.

20.     New Jersey, as the site of Subaru's headquarters and the place where all significant decision-making occurred with respect to the Vehicles, is the center of gravity for this action such that it is appropriate and consistent with existing law to certify the Class of consumers proposed in this Complaint.

21.     Certification of such a Class in New Jersey is appropriate because:

-5-

a) defendant is a corporation conducting substantial business in and from New Jersey;

b) Subaru's principal and executive offices are located in New Jersey, and Subaru is a New Jersey corporation.

c) a significant number of Class members reside in the State of New Jersey.

## FACTUAL ALLEGATIONS

22. This Class action is brought on behalf of the Class as defined above.

23. The Vehicles at issue in this action all have or (if the fuel system has already been corrected) had a fuel system which in cold weather caused or may cause the passenger compartment to fill with a fuel odor.

24. This fuel system was manufactured and designed by Subaru.

25. The prevalence of the fuel smell in the passenger compartment of the Vehicles has been widespread and has been complained of by owners of the Vehicles throughout the United States.

26. In response to the numerous complaints by Vehicle owners, Subaru issued an All Technical Service Bulletin ("Bulletin") to address the fuel system problem. This bulletin was entitled "Fuel System-Fuel Smell in Cold Weather," No. 09-37-03 and was dated April 1, 2003. Subaru recognized that this fuel odor problem was applicable to 2002 MY Impreza WRXs such as that owned by the Plaintiff.

27. In that Bulletin, Subaru admitted the design and/or manufacturing defect, noting that "some 2002 model Impreza WRX (2.0 L turbo) may experience a fuel smell in cold weather (temperature less than °14 F) from the rubber hose connector, located under the intake manifold,

-6-

between two direct fuel-feed metal lines to the injectors." The Bulletin went on to recognize that the fuel smell was due to a misalignment of two fuel lines and, therefore, recommended the changing of the pipe and hose size in the fuel system "to better align the two fuel lines." (A copy of the Bulletin is attached as Exhibit A.)

28. Upon information and belief, Subaru has refused to cover the cost for making the repair set forth in the bulletin for those vehicles that have been repaired beyond the warranty period of the Vehicles.

29. Upon information and belief, the cost to consumers of each of these repairs has ranged from approximately $400 to $1,300.

30. Subaru has also failed and refused to notify owners of the Vehicles of the prevalence of the fuel smell in those vehicles and that repairs should be made to the Vehicles.

## COUNT I
### (Negligent Design)

31. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

32. Defendant had a duty to design the Vehicles so that the odor of fuel did not pervade the passenger cabin.

33. Defendant breached that duty in its design of the Vehicles.

34. Plaintiff and the Class have been damaged as a consequence of Defendant's breach of its duty.

## COUNT II
### (Negligent Manufacture)

35. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

36. Defendant had a duty to manufacture the Vehicles so that the odor of fuel did not pervade the passenger cabin.

37. Defendant breached that duty.

38. Plaintiff and the Class have been damaged as a consequence of Defendant's breach of its duty.

## COUNT III
### ( Fraud)

39. Plaintiff repeats and realleges the allegations set forth above as if fully set forth herein.

40. Defendant knew that the Vehicles were defective and prone to having the passenger compartment pervaded by the odor of fuel. Defendant had a duty to inform purchasers of the Vehicles of this defect when it sold or leased Vehicles.

41. Despite this knowledge, Defendant failed to inform purchasers of the defect.

42. Purchasers of Vehicles were reasonably relying upon Defendant to inform them of defects in the Vehicles.

43. Plaintiff and the Class have been damaged by Defendant's conduct.

## PRAYER FOR RELIEF

WHEREFORE. Plaintiff, on behalf of himself and all other similarly situated, prays for judgment against Defendant as follows:

A. An order certifying this case as a class action and appointing Plaintiff and Plaintiff's counsel to represent the Class;

B. Money damages, together with interest thereon from the date of payment, to those who have paid to remedy the fuel odor;

C.    To the extent that Vehicles have not yet been repaired, an order requiring Subaru to recall the Vehicles with the defect and to make the required repair promptly and at its own expense;

D.    For reasonable attorneys' fees and the costs of prosecuting this action;

E.    For pre-judgment interest; and

F.    For such other relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all causes of action so triable.

BUDD LARNER, P.C.


By: s/ Michael M. Rosenbaum
    Michael M. Rosenbaum
    A. Michael Covino
    150 John F. Kennedy Parkway
    Short Hills, New Jersey 07078
    Telephone: (973) 379-4800
    Facsimile: (973) 370-7734


Dated:   October 5, 2007

652879